WAYNE M. ABB, ESQ. (SBN 91625)
17422 Chatsworth Street
Granada Hills, California 91344
Telephone: (818) 760-8035
Facsimile: (818) 368-0543

Attorney for Defendants, RON PERLSTEIN,
JUDITH PERLSTEIN, and DANCO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| PATRICK MIELE, | ) CASE NO. CV 05-196R (RZx) |
|---|---|
| Plaintiff, | ) **STATEMENT OF** |
| | ) **UNCONTROVERTED FACTS AND** |
| v. | ) **CONCLUSIONS OF LAW** |
| RON PERLSTEIN, et al., | ) DATE:      March 9, 2009 |
| | ) TIME:      10:00 a.m. |
| Defendants. | ) COURTROOM: 8 |

After consideration of the papers in support of and in opposition to Defendants' motion for summary judgment and the oral argument of counsel, the Court determines that the following facts have been established as

## UNCONTROVERTED FACTS

1. Ron Perlstein is an officer of Danco, Inc.

   Dec. of Perlstein, p. 2, l. 1

2. Danco, Inc. is not in privity of contract with Plaintiff or Rhapsody, LLC and had no involvement with any of the relevant parties or entities involved in the herein matter.

   Dec. of Perlstein, p. 1, l. 3

3. Judith Perlstein is a shareholder of Danco, Inc., is not in privity of contract with Plaintiff or Rhapsody, ILC and had no involvement with any of the relevant parties or entities involved in the herein matter.

1

Dec. of R. Perlstein, p. 1, l. 26-28; Dec. of J. Perlstein

4. Appling, Miele, Pittman, Davy and Perlstein executed a Memo of Understanding on 10/12/01

Dec. of Perlstein, p. 2, l. 4-7

5. The Memo of Agreement provided that Perlstein invested $200,000 in the completion of the Rhapsody film and also provided Perlstein would be paid first money out before all other producers or investors.

Dec. of Perlstein, Ex. A, p. 1, ¶ 2

6. Rhapsody, LLC operating agreement of 10/15/01 was executed by Appling, Miele, Pittman, Davy and Perlstein

Dec. of R. Perlstein, p. 2, l. 8-9

7. Rhapsody, LLC managed by majority vote of members

Dec. of R. Perlstein, p. 2, l. 13-15

8. None of the agreements included any provision for a loan or any promissory note in favor of Perlstein and no such document or note was ever executed.

Dec. of R. Perlstein, p. 2, l. 19-21

9. R. Perlstein was entitled to first monies received by Rhapsody, LLC from whatever sources up to the first $402,400

Dec. of R. Perlstein, p. 3, l. 1-4; 11-13

10. On 2/22/02, Rhapsody, LLC transferred all its interest in the Rhapsody film to Bruder Realsing, Inc.

Dec. of R. Perlstein, p. 3, l. 15-17; Exhibit "E"

11. All members of the LLC reviewed and executed the Rhapsody/Bruder agreement.

Dec. of R. Perlstein, p. 3, l. 24-26; Exhibit "E"

12. The agreement gave Bruder unfettered right at its sole discretion to market, sell, or distribute the film.

Dec. of R. Perlstein, p. 4, l. 28; Exhibit "E", ¶ 8

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

13. Bruder executed a contract with Blockbuster for a flat fee of $250,000.

   Dec. of R. Perlstein, p. 4, l. 11-14

14. The total received by me was approximately $159,117.92 from the Blockbuster deal, far below the $402,400 that Ron Perlstein was entitled to as first monies

   Dec. of R. Perlstein, p. 4, l. 15-16, 25

15. No other monies were received from the movie from Blockbuster or any foreign sales

   Dec. of R. Perlstein, p. 4, l. 15-16, 28

## CONCLUSIONS OF LAW

1. The Court has jurisdiction over this action.

2. As a matter of law, Plaintiff has no standing to bring any of the causes of action herein and, therefore, judgment is entered in favor of Defendants, Judith Perlstein, Ron Perlstein, and Danco, Inc.

3. There is no privity of contract or legal duty owed by Defendant, Judith Perlstein, to Plaintiff and, therefore, judgment is entered in favor of Defendant, Judith Perlstein.

4. There is no privity of contract or legal duty owed by Defendant, Danco, Inc. to Plaintiff and, therefore, judgment is entered in favor of Defendant, Danco, Inc.

5. There is no privity of contract or legal duty owed by Defendant, Ron Perlstein, to Plaintiff and, therefore, judgment is entered in favor of Defendant, Ron Perlstein.

6. Plaintiff nor any other person or entity did not execute a promissory in favor of any of Defendants, Ron Perlstein, Judith Perlstein, or Danco, Inc., and, therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein and Danco, Inc.

7. Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., made no loan to Plaintiff nor did Plaintiff pay or re-pay any monies to these Defendants; and, therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc. under the cause of action for usury.

8. Defendants, Danco, Inc., Ron Perlstein, and Judith Perlstein, did not engage in conduct which acted against the interest of Plaintiff and, therefore, judgment is entered in favor of

1 | Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., on the cause of action for breach of fiduciary duty.

9. Plaintiff gave his informed consent to all transactions of Rhapsody, LLC and, therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., on the cause of action for breach of fiduciary duty.

10. Plaintiff did not have an economic relationship with a third party which contained a reasonable probability of future economic benefit to Plaintiff. Therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., on the cause of action for interference with contract/prospective economic advantage.

11. Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., did not interfere or engage in conduct that deprived the Plaintiff of an economic benefit. Therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc.

12. Plaintiff did not suffer and has not proved ascertainable damages as a result of the conduct of any of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc., as required by law and, therefore, judgment is entered in favor of Defendants, Ron Perlstein, Judith Perlstein, and Danco, Inc. on all causes of action.

*Reviewed and adopted by the Court*

DATED: 3-09-09

_____
JUDGE
UNITED STATES DISTRICT COURT

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW